## Morgan, et al. v. Strong, et al.

(Decided September 30, 1919.)

### Appeal from Perry Circuit Court.

Fraudulent Conveyances—Sufficiency of Evidence.—In a creditor's suit, evidence held to sustain the chancellor's finding that land conveyed to the debtor's wife was purchased with the proceeds of

property sold by the debtor, and that the conveyance was made to the wife for the purpose of defrauding her husband's creditors.

EVERSOLE & TURNER for appellants.

WILLIAMS & GRACE and T. E. MOORE, JR., for appellees.

Opinion of the Court by William Rogers Clay, Commissioner.—Affirming.

William Strong and others brought suit against Charley Morgan and Mollie Morgan, his wife, to set aside a deed conveying a 150-acre farm to Mollie Morgan, on the ground that the land was paid for with money belonging to Charley Morgan and conveyed to his wife for the purpose of defrauding his creditors. On final hearing the deed was cancelled, Charley Morgan and wife adjudged a homestead, and the remainder of the land was ordered sold for the purpose of paying Charley Morgan's debts. The defendants appeal.

It appears that on December 20, 1915, Charley Morgan and wife, in consideration of the sum of one dollar and other good and valuable considerations, conveyed to Jesse Morgan a lot of ground located in the town of Hazard, and on the same day, Mark Standafer and wife conveyed to Mollie Morgan the 150-acre tract of land. The consideration for the last conveyance was $2,600.00, $500.00 of which was paid in cash by Jesse Morgan and the balance represented by notes executed by Mollie Morgan, with Jesse Morgan as surety. At the time of these transfers Mollie Morgan had no property. Charley Morgan was insolvent and the property in Hazard was worth $8,000.00 or $10,000.00. Jesse Morgan testified in substance that at the time of the conveyance by Charley Morgan to him of the Hazard property, Charley Morgan's indebtedness to him exceeded the value of the property, and that the purchase of the Standafer farm by him was in effect a gift to Mollie Morgan; for the benefit of her and Charley, who was his nephew.

The case turns on whether the Standafer farm was a gift from Jesse Morgan to Mollie Morgan, or was conveyed to her at the direction of Charley as part payment for the Hazard property which Charley conveyed to Jesse Morgan. It is argued that the burden of proving that the conveyance of the Standafer farm to Mollie was

made for the purpose of defrauding Charley's creditors is not sustained, in view of the fact that Jesse Morgan stated that Charley's indebtedness to him exceeded the value of the town property, and the conveyance to Mollie was in effect a gift. There might be some merit in this contention were it not for the fact that Charley Morgan and Mollie Morgan, in setting up their claim to homestead in the land in controversy, first pleaded a homestead in the town lot in Hazard and then alleged, ''that with the proceeds of the sale of said homestead, they bought the tract of land set out and described in the cross petition of the defendants,'' which is the tract in controversy. Considering the case in the light of this admission, and the further fact that Jesse Morgan did not state even approximately the different items composing the indebtedness of Charley Morgan to him, but stated in a general way that the indebtedness exceeded the value of the town property, a fact about which he might have been mistaken in the absence of a list of the obligations composing the indebtedness, we perceive no reason for disturbing the chancellor's finding that the conveyance of the land in controversy was made to Mollie Morgan for the purpose of. defrauding Charley's creditors.

Judgment affirmed.